Mary B. MORNINGSTAR, Plaintiff,

v.

MEIJER, INC., Defendant.

No. 87–CV–10116–BC.

United States District Court, E.D. Michigan, N.D.

May 27, 1987.

Michael J. Forster, Saginaw, Mich., for plaintiff.

William T. Coleman, Jennifer M. Arvidson, Pepper, Hamilton & Scheetz, Detroit, Mich., Jeffrey S. Rueble, Labor Counsel, Meijer, Inc., Grand Rapids, Mich., for defendant.

MEMORANDUM OPINION

CHURCHILL, District Judge.

The court ordered the parties to show cause why the above-entitled action should not be remanded for want of federal jurisdiction because the plaintiff's complaint states only a state law claim [1] for breach of an employment contract. Defendant removed the action to this court on the theory that since plaintiff's claim of damages included the value of future fringe benefits she would have received had her employment continued, the claim is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* The Michigan Court of Appeals in *Teper v. Park West,* 153 Mich.App. 520, 396 N.W.2d 210 (1986) held that ERISA preempts state law claims based on lost employment where one element of damage involves the valuation of future fringe benefits, even where liability is not remotely related to ERISA. Because the court finds that *Teper* is an incorrect interpretation of federal law, this action will be remanded as improvidently removed.

### I.

■ The provisions of ERISA preempt state law to the extent that it "relates to" an employee benefit plan. *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); 29 U.S.C. § 1144(a). The phrase "relate to" has been given a broad interpretation to further the congressional intent that ERISA be the "exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Insurance v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Accordingly, actions seeking to redress the improper handling of benefit claims are preempted. *Pilot, supra.* Likewise, state law claims where liability is predicated upon an employer's intent to evade or subvert the provisions of ERISA are also preempted. In *Metropolitan Life Insurance v. Taylor,* — U.S. —, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court easily found preemption where an employee asserted that his employer cut his disability benefits, ordered him to return to work and fired him when he could not return. Many courts have found preemption in cases where employer conduct has allegedly been motivated to impair employee rights under ERISA. *See Cahall v. Westinghouse Electric Corp.* 644 F.Supp. 806, 810–11 (E.D.Pa.1986); *Miner v. International Typographical,* 601 F.Supp. 1390 (D.Col.1985); *Baker v. Kaiser Aluminum,* 608 F.Supp. 1315 (N.D.Cal.1984); *Folz v. Marriott Corp.,* 594 F.Supp. 1007, 1020–21 (W.D.Mo.1984). The congressional intent to preempt this area is unmistakable. *See Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).

ERISA also preempts any claims by plan participants to recover benefits due or to clarify rights under a plan. 29 U.S.C. § 1132(a)(1)(B). In any of such cases, the provisions and policies of ERISA have a direct and distinct relationship to the question of liability.

■ The plaintiff's complaint in this action presents no such direct and distinct relationship to ERISA. Plaintiff makes no allegation that defendant fired her to prevent her benefits from vesting, to keep her from exercising rights under the plan or for any other improper purpose. *See Authier v. Ginsberg,* 757 F.2d 796 (6th Cir. 1985). Nor does plaintiff claim to be seeking "benefits" per se. As a former employee, whether her separation was lawful or not, she is no longer a "plan participant" entitled to seek benefits or a clarification under 29 U.S.C. § 1132(a). *Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.1986); *see also Corum v. Farm Services,* 628 F.Supp. 707, 717–18 (D.Minn.1986) (discharged employee has no ERISA action for the loss of the opportunity to accrue additional benefits). No such claim is made by the plaintiff, and

---

1. The court must examine the complaint to determine whether preemption can be raised as a defense, which would permit removal even though the issue does not appear on the face of the complaint. *See Metropolitan Life Insurance v. Taylor,* — U.S. —, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

the question of liability is entirely unrelated to ERISA, even under the broad reading given the phrase "relate to."

Rather, the only relationship to ERISA in this case, if any, is in the area of damages. Plaintiff seeks to recover the value of the employment she lost. She does not seek to force Meijer to buy her medical insurance, give her a pension and pay her benefits when she is entitled. Plaintiff seeks the value of employment rather than "benefits." One element of valuing this employment will involve the valuation of the fringe benefits. It is this valuation that defendant, and the *Teper* court, assert as the basis of preemption. The most likely manner of valuation will be to determine what it would cost the plaintiff to purchase substantially similar insurance, and what was the employer's contribution to the pension. No legal construction of a plan would likely occur since the trier of fact, probably a jury, would be placing a dollar value on the fringe benefits.[2] There is no danger of inconsistent policies nor would there be any interference with plan administration. Suits over lost employment are brought against the employers and should have no direct bearing on any aspect of plan administration.

Under the *Teper* rationale, a claim for breach of contract such as this would be preempted. It is difficult to conceive of where such preemption would stop. Any contract or tort action brought against an employer, or even against a third party, in which the plaintiff either lost a job or became unable to work, would be preempted because the jury would have to value the lost employment. It is even more difficult to conceive that Congress intended to emasculate state labor law by taking from it the authority to decide all questions of employment-at-will, civil rights in employment and torts in employment.

A different panel of the Michigan Court of Appeals in *Sepanske v. Bendix Corp.*, 147 Mich.App. 819, 384 N.W.2d 54 (1985) took a more reasoned view of this issue

when it found that if such a damage determination causes state contract law to "relate to" ERISA, it does so in only a remote and tenuous manner and is not preempted. This court agrees with the rationale expressed in *Sepanske* as more accurately expressing this aspect of federal law. The *Teper* holding is rejected and this action will be remanded as improvidently removed. 28 U.S.C. § 1447(c).

The court will enter an appropriate order.

---

**2.** At oral arguments it was mentioned that under ERISA, this determination would have to be made by the court since ERISA does not provide for a jury trial. This presupposes that ERISA preempts the action and is, therefore, a question not reached by this court. Absent preemption, state law will govern which issues are for the jury.