Walter W. RODY

v.

**MIDLAND ENTERPRISES, INC. and Port Allen Marine Services, Inc.**

Civ. A. No. 88–151–A.

United States District Court, M.D. Louisiana.

May 6, 1988.

John Dale Powers, Powers, Vaughn & Clegg, Baton Rouge, La., for plaintiff.

Cornelius R. Heusel, S. Mark Klyza, Kullman, Inman, Bee & Downing, New Orleans, La., for defendants.

## RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion to remand. Defendants have filed an opposition. There is no need for oral argument.

On December 30, 1987, plaintiff Walter W. Rody filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against Midland Enterprises, Inc. and Port Allen Marine Services, Inc., as his former employers. Plaintiff alleges that he became the Director of New Construction Marketing for Midland Enterprises on October 27, 1986, at which time Midland allegedly made a commitment to retain plaintiff until he would be fully vested in Midland's retirement plan on August 16, 1988. Plaintiff was allegedly terminated on January 17, 1987 because of a "conflict of interest" (i.e. solicitation of fleeting and mooring business on behalf of a corporation formed by Rody). Plaintiff seeks damages for wrongful discharge, including loss of salary and benefits.

On February 22, 1988, defendants Port Allen Marine and Midland Enterprises, Inc. removed this action, alleging they had been served on January 22 and 25, respectively. Defendants allege that plaintiff's claim for wrongful discharge prior to vesting in Midland's retirement plan necessarily constitutes a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S. C. Sections 1132, 1140. Consequently, it is alleged that this court has jurisdiction pursuant to 28 U.S.C. Section 1331.

On March 28, 1988, plaintiff filed the motion to remand presently before the court. Plaintiff argues that his claim does not constitute a claim under ERISA—that it is not a suit for benefits but one for damages for wrongful discharge.

In opposition to the motion to remand, defendants argue that plaintiff's allegations amount to a violation of Section 1140, which provides in pertinent part as follows:

"It shall be unlawful for any person to discharge ... a participant ... for the purpose of interfering with the attainment of any right to which any such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act ..."

Defendants further argue that plaintiffs claims fall within the civil enforcement provision of ERISA, 29 U.S.C. Section 1132(a) (empowering participants to sue for recovery of benefits), and are therefore preempted by ERISA and removable despite the fact that the preemption defense is not disclosed on the face of plaintiff's petition. Defendants note that the Supreme Court recently excepted ERISA cases from the well-pleaded complaint rule in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). See *Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 913 n. 3 (5th Cir.1988) (explaining the limited nature of this exception to the well-pleaded complaint rule).

Plaintiff correctly points out that defendants have misconstrued the lawsuit. Contrary to the argument of the defense, plaintiff has not alleged a violation of Section 1140 because the allegations relating to defendant's motivation in terminating plaintiff relate to "conflict of interest". There are no allegations which in any way indicate that plaintiff was discharged to prevent his benefits vesting under the retirement plan. Section 1140 clearly requires a "purpose of interfering with" the participant's rights under the plan. Such improper motivation is not alleged here. See *Morningstar v. Meijer, Inc.*, 662 F.Supp. 555 (E.D.Mich.1987).

The court further agrees with plaintiff that this is not a suit for benefits under a retirement plan. See *Morningstar*, supra at 556–557. The only relationship that ERISA has to this action relates to plain-

tiff's claim for damages resulting from the loss of retirement benefits. Plaintiff does not claim benefits; he claims that a breach of his contract has denied him future benefits to which he would otherwise have become entitled. His claim for damages, as plaintiff points out, is not against the Plan, but against the employers who allegedly breached the contract. As noted in *Morningstar*, supra, damages will likely be measured by the cost to plaintiff to purchase substantially similar benefits to those lost by reason of the alleged breach. The court agrees with the rationale expressed by Judge Churchill in *Morningstar*, supra. This relationship is too remote, tenuous and insubstantial to support jurisdiction for removal.

Accordingly, the court hereby grants plaintiff's motion to remand and this action will be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.