**Joanne M. CUOCO, Edward J. Cuoco, Jr., and Jennifer Cuoco, Plaintiffs,**

v.

**NYNEX, INC., d/b/a New England Telephone and Blue Cross of Massachusetts, Inc., Defendants.**

**Civ. A. No. 89–533–S.**

United States District Court, D. Massachusetts.

Sept. 28, 1989.

William S. Strong, Kotin, Crabtree & Strong, Boston, Mass., for plaintiffs.

F. Barry Maher, New England Tel. & Tel. Co., and Susan L. Carity, Blue Cross & Blue Shield, Law Dept., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER TO REMAND

SKINNER, District Judge.

On February 16, 1989, Joanne Cuoco (the "plaintiff") filed a complaint in a state court against NYNEX, Inc., d/b/a New England Telephone and Telegraph Company (NYNEX) and Blue Cross of Massachusetts, Inc. ("Blue Cross") claiming that the defendants had engaged in a course of conduct which wrongfully deprived her of medical, dental, and vision care coverage. The complaint has since been twice amended in minor respects, and the following discussion refers to the Second Amended Complaint. On March 8, 1989, defendant NYNEX, INC. ("NYNEX") filed a petition for removal of this action to this court pursuant to 28 U.S.C. § 1441 alleging original jurisdiction over the complaint under 29 U.S.C. § 1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). The defendants have filed a motion to dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment under Fed.R.Civ.P. 56.

## 1. FACTS ALLEGED IN THE COMPLAINT

Joanne Cuoco was married for over 15 years to Edward J. Cuoco, a former employee (now deceased) of NYNEX. The plaintiff and her husband were divorced in 1984. The decree of divorce included the following order:

> Edward J. Cuoco shall pay all premiums due on and maintain in full force and effect his current health and hospital insurance policy (or its equivalent) for the benefit of Joanne Cuoco unless and until she remarries.

Thereafter Edward Cuoco remarried. He designated his new wife and his two children by the plaintiff as beneficiaries under the policy but did not so designate the plaintiff. Nevertheless, by apparent clerical error, the plaintiff's medical expenses were fully covered until sometime in April of 1987. At that time the plaintiff was informed by the defendants that she was not covered under the plan. Thereupon the plaintiff brought a petition in the probate court to have her former husband held in contempt for failure to obey the divorce order. The plaintiff's then attorney served a subpoena *duces tecum* on the defendants, in response to which the defendants advised the attorney that the plaintiff was in fact covered in full under the plan. Ac-

cordingly the plaintiff withdrew the petition for contempt. In December 1987, the plaintiff was again informed by the defendants that she was fully covered under the plan. In July of 1988 Edward Cuoco died. The plaintiff's full coverage under the group plan continued until September, 1988. The defendants then informed her that she was no longer covered under the group plan and that her prior coverage had been the result of a clerical error. The defendants allowed her to convert to an individual policy which is currently in force, but the coverage thereunder is more expensive and inferior in scope and amount than the prior group policy. For example, at present, such coverage no longer provides for the psychiatric care of which she claims to be in critical need. Defendants also denied the minor plaintiff, Jennifer Cuoco, a scholarship requested pursuant to a scholarship program for the dependents of deceased employees of NYNEX.

Based upon the above facts, plaintiff seeks to recover full medical, dental, and vision group health insurance comparable to what she had in the NYNEX plan prior to Mr. Cuoco's death; to obtain scholarship benefits for Jennifer Cuoco, as a dependent of a NYNEX deceased employee; and treble damages, and attorneys' fees as authorized by M.G.L. Chapter 93A. Defendants' motion asserts that plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted because plaintiff's common law claims have been preempted by ERISA.

## II. PREEMPTION OF PLAINTIFF'S COMMON LAW CLAIM

■ As to Counts I, III, and IV of the complaint, defendants argue that plaintiff's claims are preempted by ERISA since they relate to the deprivation of benefits under an employee benefit plan. Under the NYNEX Benefit Plan, however, a divorced spouse of a NYNEX employee is not entitled to any benefit from the date of her divorce, as the defendants concede in their memorandum.

Since the parties agree that Mrs. Cuoco was divorced from Edward Cuoco in 1984, it is clear that Mrs. Cuoco was not entitled to health insurance in July 1987. This was the date of the mistaken implied promise by NYNEX on which she alleges she relied. Plaintiff, therefore, could not have been deprived of health benefits under the plan at that time because she had not been entitled to any health benefit under the NYNEX plan since 1984.

In my opinion, plaintiff's claims arise not from the deprivation of any rights under the NYNEX plan but from the series of promises and misrepresentations which were allegedly made to her by defendants in 1987. She was lured into a false sense of security as to her health insurance and was prevented from seeking other arrangements with her husband, who was then still alive, in accordance with the decree of divorce quoted above.[1]

The facts of this case are distinguishable from those in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Pilot*, the plaintiff alleged bad faith on the part of his employer and sought relief for the improper processing of claims for benefits under an ERISA regulated plan. Because the common law causes of action in the plaintiff's complaint were based on alleged improper processing of a claim for benefits under an ERISA plan, the Court held that the claims were preempted by ERISA. Similarly, in *Metropolitan*, the plaintiff sought damages for the wrongful denial of disability benefits under an employee benefit plan. In both these cases, the Supreme Court limited the preemption clause of ERISA to causes of actions which "relate to" ERISA regulated employee benefit plans but held that the claims asserted did relate to ERISA and accordingly were preempted. In other words, common law claims are preempted only if the relationship between the plaintiff and defendant is

---

1. Indeed the enactment of Public Law 99–272 in 1986, which amended 42 U.S.C. § 300bb–1 *et seq.,* may have created protection for divorced wives of employees which did not exist in 1984 and of which was available to Mrs. Cuoco in 1987.

based on a plan governed by ERISA. In the case at bar, the relationship between the Cuocos and NYNEX is not based directly on the NYNEX plan but on verbal misrepresentations which were not part of the plan.

Plaintiff's claims are analogous to those asserted in *Greenblatt v. Budd Co.*, 666 F.Supp. 735 (E.D.Pa.1987), and in *Morningstar v. Meijer, Inc.*, 662 F.Supp. 555 (E.D. Mich.1987). In *Greenblatt*, the plaintiff sued his employer for misrepresenting to him that the benefits he was receiving under one of two pension plans would be made equal to those available under the other plan. The court, after acknowledging that the Supreme Court had determined that "Congress made the preemption provision 'deliberately expansive' and 'designed to "establish pension plan regulation exclusively as a federal concern," ' " 666 F.Supp. at 741 (quoting *Pilot Life*, supra, 481 U.S. at 46, 107 S.Ct. at 1552), rejected the employer's argument that ERISA preempted the plaintiff's claim. The court concluded that the fact that the subject of the deception concerned pension benefits "is only incidental and not essential to the plaintiff's cause of action." *Id.* at 742.

In *Morningstar*, the court came to a similar conclusion regarding the plaintiff's state law breach of contract claim, explaining that the claim was to recover not lost employee benefits, but rather the value of plaintiff's lost employment. The court determined that the fact that a valuation of the plaintiff's lost employment would necessarily include a valuation of her lost benefits did not render her claim sufficiently "relate[d] to" the defendant's employee benefits plan so as to be preempted by ERISA. 662 F.Supp. at 557.

When the resolution of state law claims will neither "determine whether any benefits are paid" nor "directly affect the administration of benefits under the plan," the claims do not "relate to" ERISA and accordingly are not preempted. *Gilbert v. Burlington Industries*, 765 F.2d 320, 327 (2d Cir.1985). In my opinion, the plaintiff's claims in this case relate to the NYNEX plan in "too tenuous, remote or peripheral a manner" to warrant a conclusion that the common law upon which the plaintiff relies is preempted by ERISA. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983).

■ As to the scholarship benefits denied to Jennifer Cuoco, since the scholarship payments are made solely from the general assets of an employer and are not included under an "employee welfare benefit plan" or a "welfare plan" for ERISA purposes (29 CFR § 2510.3 1(k), this claim is not related to the NYNEX welfare benefit plan in any way whatsoever.

Accordingly the defendants' motion based on preemption of the plaintiff's claims by ERISA is denied.

## III. LACK OF SUBJECT MATTER JURISDICTION

From the face of the complaint it is apparent, and no party disputes, that there is no diversity jurisdiction in this case. See 28 U.S.C. § 1330. It is also apparent that there is no direct claim under the Constitution, laws, or treaties of the United States, and consequently no obvious federal question that would give this court jurisdiction over the action. See 28 U.S.C. § 1331. The only justification for the defendants' petition for removal was their assertion that the plaintiff's claims were preempted by ERISA. Since there is no preemption there is no original jurisdiction in this court and hence no justification for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Even though removal was not opposed by the plaintiff, subject matter jurisdiction cannot be conferred on federal courts by consent, and a federal court is obliged to remand a removed case *sua sponte* when it becomes apparent that subject matter jurisdiction is lacking. *People's Bank v. Calhoun*, 102 U.S. 256, 260–262, 12 Otto 256, 26 L.Ed. 101 (1880); *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287–8 n. 10, 58 S.Ct. 586, 589–90 n. 10, 82 L.Ed. 845 (1938).

## IV. ORDER OF REMAND

Accordingly this action shall be forthwith remanded to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

So ordered.