785 P.2d 108

**Craig H. MILLER and Patricia A. Miller, husband and wife, Plaintiffs–Appellants,**

v.

**AETNA LIFE AND CASUALTY INSURANCE COMPANY, a foreign corporation; Cox Enterprises, Inc., a foreign corporation; Sun Printing Company, an Arizona corporation; Yuma Daily Sun, Defendants–Appellees.**

No. 1 CA–CV 88–405.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 28, 1989.

Engler, Engler, Weil & Nelson by John N. Nelson, Yuma, for plaintiffs-appellants.

Mower, Koeller & Nebeker by Robert N. Clark, Yuma, for defendants-appellees.

FIDEL, Presiding Judge.

An employee sought medical benefits from a group employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 to 1461 (1985). The employer/insurer rejected the claim and allegedly threatened to terminate the employee if she continued to pursue it. In response, the employee quit and sued the employer under state tort and contract law.

We hold that the trial court correctly granted the defendants' motion for summary judgment. All of the plaintiffs' claims are preempted by ERISA.

## FACTS

We state the facts in a light most favorable to the party opposing summary judgment. *State ex rel. Corbin v. Challenge, Inc.*, 151 Ariz. 20, 24, 725 P.2d 727, 731 (App.1986). Plaintiff Patricia Miller worked for defendant Yuma Daily Sun, published by Sun Printing Company, Inc. Cox Enterprises, Inc. is the parent corporation of Sun Printing Company. An employee benefits plan provided health insurance for plaintiff and her husband, Craig Miller, and covered "certain hospital and other medical services and supplies." The parties agree that the plan was an employee benefit plan within the meaning of ERISA.

In 1984, Craig Miller underwent elective surgery. Beforehand, Patricia Miller consulted Cox's Employee Benefits Manager, Pua McCleod, to clarify whether the surgery would be covered under the policy. In reliance on McCleod's affirmative representations, her husband proceded to have surgery. When plaintiffs submitted a claim for the resulting bills, it was denied by Aetna, Cox's claims administrator. Plaintiffs pursued the claim further until Joe Soldwedel, editor of the Yuma Daily Sun, advised Patricia Miller in a letter that further complaints would bring about her termination.[1] In response, plaintiff ended her employment at Sun Printing.

In their amended complaint, plaintiffs alleged five causes of action: breach of con-

---

1. Plaintiffs' counsel support their allegation of a threat by directing this court to a part of Soldwedel's deposition not included in the record on appeal. In their answer to plaintiffs' amended complaint, defendants generally deny any such threat, but do not expressly respond to plaintiffs' claim that supporting evidence is found in Soldwedel's deposition. It is plaintiffs' burden as appellants to supply the necessary record on appeal. However, for the purpose of our resolution of ERISA preemption issues, we will assume that the trial court considered deposition segments not provided on appeal and that these deposition segments permit the inference that the threat was made.

tract, bad faith, negligent misrepresentation, detrimental reliance, and intentional infliction of emotional distress. The trial court granted summary judgment to defendant on each claim. Plaintiffs have now conceded that ERISA preempted their breach of contract and bad faith claims. Thus, on appeal we consider only their claims of negligent misrepresentation, detrimental reliance, and intentional infliction of emotional distress.

## PREEMPTION OF STATE COMMON LAW CLAIMS UNDER ERISA

In *Pilot Life Ins. Co. v. Dedeaux,* the Supreme Court held that ERISA preempts state common law claims relating to ERISA-qualified employee benefit plans. 481 U.S. 41, 57, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987). Dedeaux sued Pilot Life over a termination of permanent disability benefits, alleging tortious breach of contract, breach of fiduciary duty, and fraud in the inducement. *Id.* at 43, 107 S.Ct. at 1551. The Supreme Court found these claims preempted by ERISA's sweeping enforcement machinery. *Id.* at 57, 107 S.Ct. at 1558. We find the Millers' claims likewise preempted.

### 1. *Negligent Misrepresentation and Detrimental Reliance*

▮ We first consider the negligent misrepresentation and detrimental reliance claims. The Millers allege that, even if reverse vasectomies were not in fact covered by the plan, they incurred the cost of such an operation in detrimental reliance on Cox's misrepresentation of coverage. Cox, they claim, is equitably obliged to compensate them for the detriment that it induced. This is essentially an estoppel claim.

A narrower statute than ERISA might have preserved state law remedies in circumstances of misrepresentation or estoppel. ERISA, however, was not narrowly drawn. 29 U.S.C. § 1144(a) provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State

laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

(Emphasis added.)

The Supreme Court has broadly interpreted the provision that common law claims need only "relate to" an employee benefit plan to be preempted by ERISA. *Pilot Life,* 481 U.S. at 47–48, 107 S.Ct. at 1553–1554. Noting that ERISA's "House and Senate sponsors emphasized both the breadth and importance of the pre-emption provisions," *Id.* at 46, 107 S.Ct. at 1552, the Court stated: "The phrase 'relate to' [must be] given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Id.* at 47, 107 S.Ct. at 1553, quoting *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985).

The United States Circuit Courts have uniformly held, both before and after *Pilot Life,* that estoppel claims "relate to" employee benefit plans so as to be preempted by ERISA. *See, e.g., Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689, 696 (6th Cir.1989); *Moore v. Provident Life & Accident Ins. Co.,* 786 F.2d 922, 928 (9th Cir.1986); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1356–57 (9th Cir.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985). The *Davis* claim, like this, included allegations of misrepresentation. 887 F.2d at 695.

We are compelled to hold as these circuit courts have held in light of ERISA's expansive preemptive sweep. We conclude that the Millers' claims of negligent misrepresentation and detrimental reliance "relate to" their employee benefit plan within the meaning of *Pilot Life* and are accordingly preempted.

### 2. *Emotional Distress From Wrongful Termination*

▮ We turn to the plaintiffs' claim of intentional infliction of emotional distress,

which stems in part from a claim of constructive wrongful termination. Plaintiffs allege that Patricia Miller left her job at the Yuma Daily Sun in response to a supervisor's threat that she would be fired if she continued to press her claim. ERISA specifically protects participants and beneficiaries against discipline or firing "for exercising any right to which [they are] entitled under the provisions of an employee benefit plan...." 29 U.S.C. § 1140. It additionally allows a participant or beneficiary to bring a civil action for injunction or other appropriate equitable relief to enjoin acts that violate ERISA or the participant's plan. 29 U.S.C. § 1132(a)(3). Because Pat Miller's alleged wrongful termination was remediable under ERISA, the claim is preempted. *See Harvey v. I.T.W., Inc.*, 672 F.Supp. 973, 976 (W.D.Ky.1987) (wrongful termination motivated by employer's wish to avoid paying pension benefits remediable under ERISA); *Cahall v. Westinghouse Elec. Corp.*, 644 F.Supp. 806, 811 (E.D.Pa.1986) (same).

### 3. *Emotional Distress From Denial of Reimbursement*

■ The Millers also claim that Cox intentionally inflicted emotional distress by refusing to reimburse their claim. ERISA provides no remedy for emotional damages resulting from denial of a claim or interference with protected rights. We conclude, however, that the absence of emotional losses from ERISA's range of remediable losses was both deliberate and preemptive. In devising ERISA, Congress "establish[ed] pension plan regulation as exclusively a federal concern." *Pilot Life*, 481 U.S. at 46, 107 S.Ct. at 1552, quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). Though some losses were omitted, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life*, 481 U.S. at 54, 107 S.Ct. at 1556.

State law might have provided fuller monetary remedies and a greater variety of tort theories for the Millers to pursue. The question posed by ERISA, however, is not whether state law or ERISA provides a fuller remedy, but whether the claim "relates to" an employee benefit plan. If so—as here—ERISA preemptively applies.

The judgment of the trial court is affirmed.

EUBANK and KLEINSCHMIDT, JJ., concur.