Fremont-Smith, J.
INTRODUCTION
The plaintiff, Roberta Slavin, has brought suit against Xenon Corporation (hereinafter “Xenon”), alleging damages arising out of Xenon’s treatment of her while she was engaged to do work for Xenon. Xenon has now moved to dismiss each count of the complaint for failure to state a claim upon which relief can be granted. For reasons stated, the motion to dismiss is denied.
BACKGROUND
In her complaint, the plaintiff alleges the following facts:
Xenon, a corporation in the business of designing, manufacturing, and selling electrical lighting devices, engaged Ms. Slavin as a detailer/electromechanical design engineerin October 1989. During various weeks she worked more than forty hours a week and was not paid overtime compensation. She was the only woman Xenon ever engaged to perform this work, although it has and continues to engage men in a similar capacity.
In February 1992, Xenon informed Ms. Slavin that she would thereafter be considered an independent contractor rather than an employee. The work she performed and the supervision she received did not change. From February 1992 until March 1993, Xenon reported Ms. Slavin’s compensation to her and to applicable state and federal agencies as independent contractor compensation for the purposes of state and federal tax withholding and payroll deductions. In addition, Xenon did not allow Ms. Slavin to participate in Xenon’s group health plans as an employee during this period, in violation of an agreement that Ms. Slavin would be entitled to participate in these plans while she worked for Xenon.
Ms. Slavin requested on numerous occasions that she be classified an employee. Xenon refused, and eventually discharged her in March 1993 because of these requests. After her discharge, Ms. Slavin was unable to participate in an eighteen-month post-employment continuation of health care benefits because Xenon had notified the health care provider that her employment had terminated a year earlier when it had reclassified her as an independent contractor.
In a six-count complaint, Ms. Slavin alleged that the defendant violated her rights secured under G.L.c. 93, §102; unlawfully discharged her in violation of public policy; breached its contract with her by not allowing her to participate in its group health plans as an employee; denied her rights and benefits she was entitled to under ERISA during and after her association with Xenon; and willfully and knowingly refused to pay overtime compensation.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take as true the allegations of the complaint, and must draw any inferences from those allegations in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 *228 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza v. Kotseas, 378 Mass. 85, 89 (1979).
COUNT I:
In Count I of her complaint, Ms. Slavin has alleged that Xenon terminated her work engagement on the basis of sex, in violation of rights secured to her under G.L.c. 93, §102. The defendant asserts in its motion to dismiss that this count should be dismissed because G.L.c. 151B provides the exclusive remedy for sex-based employment discrimination.
In Count I of her complaint, however, the plaintiff does not allege that she was an employee, but only that she had been “engaged” to perform certain work. The exclusive remedy of G.L.c. 15 IB does not apply to independent contractors, Comey v. Hill, 387 Mass. 11 (1982), and whether Ms. Slavin was legally an employee or an independent contractor is a fundamental question in this case. Although contrary to the theories for relief stated in the subsequent counts of the complaint, a jury could find that Ms. Slavin was an independent contractor, and thereby excluded from the exclusivity of G.L.c. 151B. See Mass.R.Civ.P. 8(e)(2) (a complaint may contain inconsistent allegations). Count I therefore states a claim for which relief can be granted.
COUNT II:
In Count II, Ms. Slavin alleged that Xenon terminated her employment in violation of public policy, because Ms. Slavin protested her reclassification as an independent contractor rather than an employee. The defendant argues in its brief that internal “whistle-blowing” is not one of the public-policy exceptions to the general rule that an employer may terminate an at-will employee without cause. We disagree.
Liability can be imposed on an employer who terminates an at-will employee for performing important public deeds or in violation of a clearly established public policy. Flesner v. Technical Communications Corp., 410 Mass. 805, 810 (1991). Hobson v. McLean Hospital Corp., 402 Mass. 413, 416 (1988). This exception to the general no-liability rule includes situations where employees are terminated for asserting a legally guaranteed right, such as filing a worker’s compensation claim; for doing what the law requires, such as serving on a juiy; and for refusing to do that which the law forbids, such as committing perjury. Smith-Pfejfer v. Superintendent of the Walter E. Fernald StateSchool, 404 Mass. 145, 150-51 (1989), and cases cited. It is therefore apparent that retaliation for internal whistle-blowing may constitute a public policy exception to the no-liability rule in appropriate circumstances. Flesner v. Technical Communications Corp., supra at 811 n.3; Mello v. Stop & Shop Cos., 402 Mass. 555, 560 n.6 (1988). With respect to the particular circumstances here, the proper classification of workers as employees or independent contractors serves an important public policy. Proper classification is required for appropriate payroll deductions, including state and federal income tax, and Social Security and Medicare contributions, and also affects the provision of health insurance and other benefits. These taxes and benefits impact not just the individual worker, but also impact the collection and payment of taxes and the provision of health and other benefits, which are matters of public concern. As Ms. Slavin has alleged that she was discharged in retaliation for her attempts to gain proper employment status, her complaint states a claim for which relief can be granted.
COUNT III:
In Count III of her complaint, Ms. Slavin alleged that Xenon breached its contract to allow her to participate in its group health plan as an employee while she worked for Xenon. Xenon argues in its brief that such a breach of contract action for benefits is preempted by the Employee Retirement Income Security Act of 1974 (ERISA). We find that the plaintiff has stated a claim outside the ERISA preemption.
29 U.S.C. §1144(a) provides that the provisions of ERISA “shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.” The term “State law” includes all laws, decisions, rules, regulations, or other State action having the effect of law. 29 U.S.C. §1144(c).
Congress intended the ERISA preemption to be broadly construed. Ingersoll-Rand v. McClendon, 498 U.S. 133, 138 (1990); Framingham Union Hosp. Inc. v. Travelers Ins. Co., 721 F.Supp. 1478, 1490 (D.Mass. 1989); Pace v. SignalTechnology Corp., 417 Mass. 154, 156 (1994). A law “relates to” an employee benefit plan, and is so preempted by ERISA, if it “has a connection with or reference to such a plan.” Ingersoll-Rand v. McClendon, supra at 139; Pace v. Signal Technology Corp., supra at 156. The law may relate to a benefit plan even if it is not specifically designed to affect such plans, or the effect is only indirect. Ingersoll-Rand v. McClendon, supra at 139; Framingham Union Hosp., Inc. v. Travelers Ins. Co., supra at 1489; Pace v. Signal Technology Corp., supra at 156.
However, some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law “relates to” the plan. Framingham Union Hosp., Inc. v. Travelers Ins. Co., supra at 1489; Pace v. Signal Technology Corp., supra at 156-57. When the resolution of state law claims will neither determine whether any benefits are paid nor directly affect the administration of benefits under the plan, the claims do not relate to ERISA and are not preempted. Cuoco v. NYNEX, Inc., 722 F.Supp. 884, 887 (D.Mass. 1989). The fact that a judgment for a plaintiff might burden the administration of a plan does not, by itself, compel preemption. Ingersoll-Rand v. McClendon, supra at 139. Thus, several courts have held that a former employee’s claim that the employer misrepresented the benefits *229 available under the plan is not preempted, where the former employee is seeking money damages rather than current participation in the ERISA plan. Pace v. Signal Technology Corp., supra, and cases there cited.
Clearly, certain Massachusetts common law claims for breach of contract could be included in the ERISA preemption if they “relate to” an employee benefit plan. Where, as here, however, the plaintiff is no longer employed by the company and is not seeking instatement or reinstatement into the employee benefit plan, but rather seeks contract damages for a period of time in the past when she did not receive benefits, the ERISA preemption does not apply. Such a breach of contract claim neither determines whether any benefits will be paid under the plan nor directly affects the administration of benefits under the plan. Thus, we find that Count III of the complaint is not preempted by ERISA, and states a claim for which relief can be granted.
COUNT IV:
In Count IV of her complaint, the plaintiff alleged that Xenon denied her rights and benefits to which she was entitled under ERISA. The defendant asserts that this count should be dismissed because Ms. Slavin is not a “participant” within the meaning of ERISA, as she did not regularly work thirty hours a week. The number of hours Ms. Slavin worked is a question of fact which cannot be answered at this stage of the proceeding. The complaint itself alleges a “colorable claim” to ERISA benefits. Crawford v. LaMantia, 34 F.3d 28 (1st Cir. 1994). Dismissal of this count would therefore be inappropriate.
COUNTV:
In Count V of the complaint, Ms. Slavin alleged that Xenon denied her access to post-employment health insurance benefits to which she was entitled under ERISA. In response, Xenon disputes the date of her termination from employment, and asserts that Ms. Slavin properly began receiving such benefits when she was reclassified as a contractor, so that she is not entitled to an additional period of benefits. These are clearly factual disputes, and not a proper basis on which to dismiss the claim.
COUNT VI:
In Count VI, Ms. Slavin claimed that during the course of her employment with Xenon she did not receive overtime compensation required by law. Xenon responses that the claim should be dismissed because it does not identify specific weeks that she was eligible for overtime pay, or allege that she ever requested such compensation. Xenon’s assertions lack merit. The claim is not too vague to put Xenon on notice of the legal claims, and there is no requirement that an employee specifically request overtime pay in order to be entitled to it.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion to dismiss be DENIED.