Danielle L. **SCHULTZ**, Plaintiff,

v.

The **NATIONAL COALITION OF HISPANIC MENTAL HEALTH AND HUMAN SERVICES ORGANIZATIONS**, et al., Defendants.

**Civ. A. No. 87–2792.**

United States District Court,
District of Columbia.

Feb. 11, 1988.

Bruce A. Fredrickson, Susan L. Brackshaw and Bonnie A. Suchman of Webster & Fredrickson, Washington, D.C., for plaintiff.

Wayne C. Holcombe, Patrick J. Weschler and Eduardo Pena, Jr. of Arnold & Porter, Washington, D.C., for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

On February 22, 1985, plaintiff, a Washington resident, filed suit in the Superior Court of the District of Columbia against an apparently unincorporated association with a Washington, D.C. address and two individual defendants, one of whom appears to be both a citizen and a resident of Washington, D.C. In that suit, plaintiff alleged that defendants discriminatorily terminated her employment in violation of the District of Columbia Human Rights Act, D.C. Code § 1–2501 *et seq.* She also charged defendants with aiding and abetting violations of that Act as well as committing a variety of common law torts. Plaintiff did not allege that defendants had violated any federal law or the United States Constitution. The case was set for trial on October 27, 1987.

On September 16, 1987, plaintiff filed her "Pretrial Statement." In that statement, she detailed her claim for "damages" against defendant. Those damages included, *inter alia,* "health benefits" and "life insurance/disability" lost when plaintiff was discharged. *Pretrial Statement of Plaintiff Danielle L. Schultz* at 2, attached to *Verified Petition for Removal* as Exhibit 1.

On October 16, 1987, new counsel for defendants removed plaintiff's suit to this Court. Defendants maintained that plaintiff's claim for damages created a federal question, and thus federal court jurisdiction, because it is claim for compensation from defendants' benefit plans and is therefore preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff asks the Court to dismiss this action as improvidently removed and remand it to Superior Court. After considering this motion, the legal memoranda filed by both sides, and the underlying law, the Court will grant plaintiff's motion.

## AS THIS COURT HAS NO JURISDICTION OVER THIS SUIT, REMOVAL WAS IMPROPER AND THE CASE MUST BE DISMISSED.

From the face of the complaint it is apparent, and no party disputes, that there is no diversity jurisdiction in this case. *See* 28 U.S.C. § 1330. It is also apparent that there is no direct claim under the Constitution, laws, or treaties of the United States, and consequently no obvious federal question that would give this Court jurisdiction over the action. *See* 28 U.S.C. § 1331. Thus, the only possible source of federal jurisdiction over this suit arises out of plaintiff's attempt to recover ERISA-covered benefits lost when she was allegedly fired in violation of state law. Although plaintiff has not couched this damages claim in terms of federal law, defendants maintain that any claim for recovery of benefits from an ERISA-covered plan is preempted by the terms of ERISA.

ERISA preempts state law to the extent that the state law "relates to" an employee benefit plan. *See* 29 U.S.C. § 1144(a); *see also, Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Consistent with the clear Congressional intent to "eliminat[e] the threat of conflicting or inconsistent State and local regulation of employee benefit plans," *Pilot Life Insurance Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (quoting 120 Cong.Rec. 29933 (1974) (remarks of Sen. Williams) (emphasis added)), the phrase "relate to" has been given its broad common-sense meaning and interpreted to preempt a wide range of state laws. *See Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490. Defendants argue that two recent Supreme Court cases build on these principles and extend

ERISA preemption to any claim that implicates any facet of an ERISA-covered benefit plan. Defendants are wrong.

The first of these cases, *Pilot Life v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), held that ERISA "preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan." *Id.* 107 S.Ct. at 1550–51 (emphasis added). The other, *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), held that ERISA's civil enforcement provisions displace any state common law actions to recover improperly processed benefit claims. The narrow holdings of these cases obviously offer no support for defendants' characterization of plaintiff's state-law discrimination claim as a federal question.

Rather, the cases stressing the broad reach of the ERISA preemption clause also stress that common sense should not be left at the courthouse door. While the Congressional intent to preempt state regulation of employee benefit plans is unmistakable, there is not one iota of support for the proposition that ERISA preempts any claim to recover the value of fringe benefits plaintiff lost when her employment was terminated. And it is this valuation that defendants assert is the basis for preemption.

Courts have decided nearly 100 cases about the reach of the ERISA preemption clause since the Supreme Court issued the *Pilot Life* and *Metropolitan Life v. Taylor* decisions. This Court has read every one. From those cases, it is apparent that preemption and removal would be proper if plaintiff had claimed improper processing of benefits, or that defendants terminated her employment in order to avoid providing her with ERISA-covered benefits, to keep her benefits from vesting, or for some other reason whose impropriety is directly connected to the ERISA-covered plan. ERISA would preempt plaintiff's claims had she asked for benefits *per se*.

But plaintiff makes none of those claims. All she asks for is the value of fringe benefits she lost when her employment was (allegedly) terminated improperly and to regain her employment and the benefits associated with it. Not a single case offers a shred of support for the proposition that a back-pay claim involving valuation of employee fringe benefits creates a ground for ERISA preemption of a state-law discrimination claim. The relation between her suit and ERISA is so remote that only the most tortured reading of statute and case law could find preemption.

This Court is not alone in rejecting such a far-reaching preemption claim. In a case on all fours with this one, Judge Churchill of the Northern District of Michigan reasoned:

Under the [defendants'] rationale, a claim for breach of [an employment] contract would be preempted. It is difficult to conceive of where such preemption would stop. Any contract or tort action brought against an employer, or even against a third party, in which the plaintiff either lost a job or became unable to work, would be preempted because the jury would have to value the lost employment. It is even more difficult to conceive that Congress intended to emasculate state labor law by taking from it the authority to decide all questions of employment-at-will, civil rights in employment, and torts in employment.

*Morningstar v. Meijer, Inc.*, 662 F.Supp. 555, 557 (E.D.Mich.1987).

Judge Churchill's logic is persuasive. Were the Court to permit removal of this action, there is hardly a state-law employment-based claim that would escape preemption. Neither the plain language of ERISA nor its legislative history supports displacement of state employment law to the extent implied by defendants.

## CONCLUSION

Invective is no substitute for analysis. Defendants' arguments, which are phrased in the most argumentative terms, ask the Court to affirm an action inconsistent with all but the most distorted reading of the case law. As defendants should know, the Court cannot, and will not, do as they ask.

There is, in short, no basis for removal of this action to federal court. Pursuant to 28 U.S.C. § 1447(c), the Court will remand the case to Superior Court.

Plaintiff has asked the Court to award her the costs and attorneys' fees incurred in responding to defendants' efforts to remove this action. Under the terms of 28 U.S.C. §§ 1447(c) and 1919, the Court finds this motion appropriate and will grant it. The parties shall have thirty days to resolve the amount of fees and costs. Only if the parties are unable to reach agreement on these matters will the Court entertain a petition for attorney's fees and costs, and any such petition must be filed within forty-five days of the date of the Order accompanying this Opinion.

The Court will issue an Order, of even date herewith, memorializing these findings.

## ORDER

In accordance with the Opinion of even date herewith, and for the reasons set forth therein, it is this 11th day of February, 1988,

ORDERED that plaintiff's motion to remand this case to Superior Court shall be, and hereby is, granted; and it is

FURTHER ORDERED that plaintiff's motion to recover costs and attorney's fees incurred in connection with defendants' attempt to remove this action to federal court shall be, and hereby is, granted; and it is

FURTHER ORDERED that the parties shall confer in person within thirty days of the date of this Order to resolve the question of appropriate fees and costs; and it is

FURTHER ORDERED that only if the parties are unable to agree on the appropriate amount of fees and costs shall plaintiff file any petition for attorney's fees and costs, but any such petition must be filed within forty-five days of the date of this Order; and it is

FURTHER ORDERED all outstanding motions shall be, and hereby are, rendered moot by virtue of this Order; and it is

FURTHER ORDERED that this case shall stand dismissed from the dockets of this Court.