768 P.2d 354

**Harold SAPPINGTON,
Plaintiff–Appellee,**

v.

**James COVINGTON,
Defendant–Appellant.**

**No. 10635.**

Court of Appeals of New Mexico.

Nov. 23, 1988.

Certiorari Denied Jan. 16, 1989.

James E. Templeman, Templeman & Crutchfield, Lovington; for plaintiff-appellee.

Mark C. Meiering, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellant.

OPINION·

DONNELLY, Chief Judge.

This case involves the issue of whether plaintiff's common law negligence action against defendant insurance agents is barred by federal preemption under the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1001 to 1461 (1982). We affirm the trial court's denial of defendant's motion to dismiss.

Plaintiff is an employee of Levy Auto Supply (Levy) of Hobbs. Plaintiff was hospitalized in April 1984 because of an illness and incurred medical expenses, including hospital and doctor bills, totalling approximately $20,000. Plaintiff alleged he attempted to submit a claim for reimbursement through an insurance plan purportedly obtained by Levy for the benefit of plaintiff and other employees. Plaintiff also alleged that defendant insurance agents, Larry G. Brodie and James Covington, who had arranged the sale of a Mark I Benefits, Inc. (Mark I) group health care plan to plaintiff's employer, "represented ... that he was fully insured for ... medical expenses incurred during his hospitalization, [but] the hospitalization insurer, Mark I Benefits, failed to pay" and plaintiff learned later "that such company had never been licensed to do business in the State of New Mexico and that insolvency proceedings had begun against it in the State of Texas."

Plaintiff brought this action against defendants alleging that they negligently failed to determine the status of Mark I and negligently arranged the sale of the health policy to Levy without ascertaining whether the company was solvent and were thereby liable in damages to plaintiff for negligence. Plaintiff also alleged that "[d]efendants knew, or should have known, that Mark I Benefits was not a company in good standing in the State of New Mexico and that harm could result to customers, beneficiaries and third-party beneficiaries of any such insurance contracts sold." After the filing of this action, defendant Brodie died and the remaining defendant, Covington, moved to dismiss or, in the alternative, for summary judgment. We granted defendant's application for interlocutory appeal to review the trial court's denial of the motion.

## CLAIM OF PREEMPTION

Defendant asserts that plaintiff's common law negligence claim is barred because 29 U.S.C. Section 1144(a) effectively preempts any action relating to an employee benefit plan expressly provided under ERISA. Defendant argues that the preemptive provision of ERISA precludes a common law action against an insurance agent where the claim involves an employee benefit plan. The issue of whether Congress intended to preempt by federal legislation the area of law embraced within plaintiff's claim is a matter of first impression in New Mexico. Whether preemption exists involves ascertaining the purposes and intent of Congress leading to the enactment of ERISA. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 95, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983).

ERISA "subjects to federal regulation plans providing employees with fringe benefits." *Id.* at 90, 103 S.Ct. at 2896. It is a wide-ranging statutory scheme whose express purpose is to protect the interests of participants in employee benefit plans by requiring disclosure and reporting of financial and other information to participants, by establishing standards of conduct, responsibility, and obligation for plan fiduciaries, and by providing appropriate remedies and sanctions for breach of the duties set forth in the statute. 29 U.S.C. § 1001(b). A reading of the Act, we think, clearly evinces that Congress intended that ERISA cover and apply to the administration of comprehensive employee benefit plans. *See Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 1899–1900, 68 L.Ed.2d 402 (1981).

To eliminate the threat posed by conflicting state regulation of employee benefit plans, Congress included in the text of ERISA a broad preemption clause, Section 1144(a), which provides that "[e]xcept as provided in subsection (b) ... the provisions of this [act] ... shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan....*" (Emphasis added.) In considering to what extent ERISA preempts claims involving employee benefit plans, the United States Supreme Court broadly interpreted the words "relate to" contained in Section 1144. *Pilot Life Ins. Co. v.*

*Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The expansive language of Section 1144(a) was deliberately chosen by Congress, *see Shaw,* 463 U.S. at 98–99 & note 18, 103 S.Ct. at 2900–01 & n. 18, indicating congressional intent "to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent state and local regulation of employee benefit plans." "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2899–2900 (footnote omitted).

In this case there is no dispute that the health insurance policy defendant sold to Levy would have qualified as an "employee benefit plan" under ERISA. *See* 29 U.S.C. §§ 1002(1) & 1003. Nor is it disputed that if the plan were solvent, plaintiff would be considered a "participant" in such a plan and that his interest in the benefits of the plan would be protected under ERISA. *Compare Totton v. New York Life Ins. Co.,* 682 F.Supp. 731 (D.Conn.1987) (plaintiff's suit against defendant alleging that employer breached employment contracts by wrongful termination ruled not preempted by ERISA); *Schultz v. National Coalition of Hispanic Mental Health & Human Servs. Org.,* 678 F.Supp. 936 (D.D.C.1988) (plaintiff's suit seeking in part to recover health, life insurance, and disability benefits based on the claim, inter alia, that defendants discriminatorily terminated her employment held not preempted under ERISA); *Morningstar v. Meijer, Inc.,* 662 F.Supp. 555 (E.D.Mich.1987) (former employee who sought damages that included the value of future fringe benefits was no longer a "plan participant" and complaint had no direct and distinct relationship to ERISA); *Isaacs v. Group Health, Inc.,* 668 F.Supp. 306 (S.D.N.Y.1987) (court held action not within preemptive provision of ERISA where plan trustees brought suit against fund actuary and computer servic-

es provider for breach of contract and negligence); *Greenblatt v. Budd Co.,* 666 F.Supp. 735 (E.D.Pa.1987) (employee's claim that employer tortiously misrepresented that the pension benefits he was receiving would be made equal to those provided under a corporate pension plan, held not preempted under ERISA). *See also Sepanske v. Bendix Corp.,* 147 Mich.App. 819, 384 N.W.2d 54 (1985) (plaintiff's claim against defendant for breach of employment contract not preempted under ERISA even though loss of ability to earn pension benefits was claimed as element of special damages).[1] Equally relevant to our analysis is the fact that defendant does not claim to be a "fiduciary" of Levy's employee benefit plan, for which standards of conduct are outlined by ERISA. *See* 29 U.S.C. §§ 1001(b) & 1002(21)(A) (defining "fiduciary" under ERISA).

■ State laws attempting to regulate or administer employee benefit plans which "relate to" ERISA are generally held to be preempted. *E.g., Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. at 524–25, 101 S.Ct. at 1906–07; *Pilot Life Ins. Co. v. Dedeaux* (involving complaint alleging bad faith of insurer in processing insurance claim). But where the state law relied on does not directly intrude upon the area reserved by federal legislation, the state law is not preempted. *See Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) (ERISA held not to preempt Maine statute providing for severance payment to employees of company that terminated or moved operation; ERISA preempts state laws relating to employee benefit plans, not laws related to employee benefits). In his complaint plaintiff does not allege negligence in regulating, "directly or indirectly, the terms and conditions of employee benefit plans...." 29 U.S.C. § 1144(c)(2). Instead, the complaint alleges negligence in selecting a licensed and solvent insurance company. Thus, where the state law in question is not

---

1. Although questioned by a different panel of the Michigan Court of Appeals in *Teper v. Park West Galleries, Inc.,* 153 Mich.App. 520, 396 N.W.2d 210 (1986), *Sepanske* is discussed with approval in *Morningstar,* 662 F.Supp. at 557,

"This court agrees with the rationale expressed in *Sepanske* as more accurately expressing this aspect of federal law. The *Teper* holding is rejected...."

designed to affect employee benefit plans directly, our inquiry must focus upon whether the law has an indirect effect on such plans. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. at 98, 103 S.Ct. at 2900. Section 1144(a) also preempts state law where the law in question indirectly intrudes into the area of employee benefit plan regulation. *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. at 525, 101 S.Ct. at 1907. In resolving the question raised on appeal, we must therefore compare plaintiff's claim with the area covered by ERISA to determine whether this state law claim "relates to" an "employee benefit plan" so as to directly, or indirectly, intrude into the area exclusively reserved by the federal legislation. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

■ Defendant argues that plaintiff's claim is barred because the transaction in which the alleged negligence occurred involved the establishment of or "relates to" an employee benefit plan within the meaning of Section 1144(a). We do not believe that Congress intended federal preemption under ERISA to apply where the basis of plaintiff's claim is an alleged negligent failure to provide a valid insurance policy. Instead, we look to the impact that plaintiff's claim may have upon the areas Congress intended to be covered by ERISA.

We begin our analysis by observing that ERISA, though clearly broad ranging, does not attempt to set standards for or regulate the conduct of insurance agents involved in acquiring or establishing an employee benefit plan if the agent is not further involved in creation or administration of the plan. Nor does ERISA set standards or attempt to regulate the purchase or sale of insurance policies that, because of the alleged conduct of an agent, never in fact ripen into a ERISA-regulated employee benefit plan. As the Supreme Court observed in *Metropolitan Life*, "laws that regulate only the insurer, or the way in which it may sell insurance, do not 'relate to' [employee] benefit plans" and "would not be preempted...." 471 U.S. at 741, 105 S.Ct. at 2390. The rationale utilized in *Metropolitan Life* is instructive in the instant case and the absence of any standards or rules of conduct in ERISA for agents through whom insurance policies are sold significantly bears upon our analysis.

■ Plaintiff's complaint is grounded on a claim of negligence. Plaintiff's claim focuses on the *sale* of an insurance policy that was expected to establish an employee benefit plan wherein he would be a beneficiary. Under these circumstances, the fact that the subject of the transaction about which plaintiff complains was intended to be an ERISA regulated plan is tenuous in nature and does not compel the conclusion that plaintiff's negligence claim is preempted. Here, as asserted in plaintiff's complaint, the alleged negligent conduct of defendant took place before the employee benefit plan was ever acquired or took effect. It is well settled in New Mexico that an insurance agent or broker who undertakes to procure insurance for others and, through his fault or neglect, fails to do so may be held liable for damage resulting therefrom. *Cf. Sanchez v. Martinez*, 99 N.M. 66, 653 P.2d 897 (Ct.App.1982). Similarly it has been held that a third party beneficiary who has suffered damages as a result of appraiser's negligence has standing to sue. *See Stotlar v. Hester*, 92 N.M. 26, 582 P.2d 403 (Ct.App.1978). We do not construe the provisions of ERISA to preempt plaintiff's claim of negligence grounded upon alleged acts or omissions preceding the institution of a benefit plan.

We conclude that the trial judge correctly determined that Congress did not intend to preempt the specific area involved in plaintiff's claim. The relief sought by plaintiff does not affect the administration of any plan, nor is plaintiff's claim of liability against defendant predicated on any right or standard contained in ERISA. Plaintiff's allegation of negligence is grounded upon alleged conduct of the defendant that has no reference to ERISA. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Moreover, plaintiff's claim for compensatory damages, if suc-

cessful, would be subject to payment by the defendant and not from ERISA funds. Plaintiff makes no claim for insurance benefits; instead the negligence claim is premised entirely upon allegations of negligent conduct of defendant and Brodie.

Defendant also relies upon two additional arguments. He asserts, and plaintiff concedes, that in lieu of pursuing his claim against defendant, plaintiff has a remedy for recovery of benefits due to him against his employer and against Mark I under ERISA as a "participant" in an employee benefit plan. Defendant contends that because plaintiff's claim is based upon the alleged negligent failure to obtain a viable employee benefit plan, plaintiff is limited to recovery against a potential party named in ERISA under the federal statute's civil enforcement provision and not a direct action against defendant. *See* 29 U.S.C. § 1132(a). We are not persuaded that this alternative is determinative of the preemption analysis in this case.

Where a viable employee benefit plan is created, ERISA's civil enforcement provisions provides the exclusive avenue available to plaintiff for recovery of benefits due to him under his employer's medical benefit plan. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Similarly, where a plaintiff seeks to enforce a right relating to an employee benefit plan, Section 1144(a) constitutes a bar to the action because of the availability of a remedy under Section 1132(a). *See Pilot Life Ins. Co. v. Dedeaux.* However the relief sought by plaintiff herein is not an indirect attempt to regulate an employee benefit plan through a mechanism of state law. Because plaintiff has charged defendant with negligent misconduct and because the transaction upon which plaintiff's claim is grounded is not regulated under ERISA, we determine that the claim stated in plaintiff's complaint is not preempted by ERISA. The crux of plaintiff's claim is based upon the alleged negligence of defendant in selecting a licensed and solvent insurance company to furnish insurance and does not directly or indirectly relate to the provisions of an employee benefit plan as intended by Congress.

Defendant also argues that because plaintiff has a remedy under Section 1132(a), plaintiff is in effect seeking to recover the value of benefits he would have received under a solvent plan and which his employer would have provided but for defendant's alleged negligence. The relief sought by plaintiff, however, is for compensatory damages arising from the claimed negligence of defendant, not for enforcement of benefits payable under any ERISA plan. The fact that the measure of damages applicable to plaintiff's alleged injury parallels the amount he might otherwise have recovered under a solvent plan does not compel a finding of preemption where an award to plaintiff would have no effect on any employee benefit plan, would not require any change in an existing plan, and where the money for an award to plaintiff would not be paid out of ERISA funds. *See Fort Halifax Packing Co. v. Coyne; Martori Bros. Distribs. v. James–Massengale,* 781 F.2d 1349, *amended* 791 F.2d 799 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986). As observed in *Totton,* although the preemption provisions of ERISA are far ranging in nature, nevertheless, clearly there is a point beyond which even ERISA was not designed to reach. 682 F.Supp. at 734.

In sum, we conclude that plaintiff's claim does not "relate to any employee benefit plan" but instead constitutes an action in negligence against defendant for failure to provide insurance. Thus, it does not impermissibly intrude into the area preempted or reserved to federal legislation under ERISA. We affirm the trial court's denial of defendant's motion to dismiss.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.