792 P.2d 405

**Jerry B. LUNN and Karen L. Lunn, Plaintiffs-Appellants,**

**v.**

**TIME INSURANCE COMPANY, Defendant-Appellee.**

**No. 18872.**

Supreme Court of New Mexico.

May 15, 1990.

Rehearing Denied June 14, 1990.

Sam A. Westergren, Santa Fe, for plaintiffs-appellants.

Rodey, Dickason, Sloan, Akin & Robb, P.A., David C. Davenport, Jr., Santa Fe, for defendant-appellee.

## OPINION

BACA, Justice.

Appellants Jerry and Karen Lunn (Lunns) were cable splicers retained as independent contractors by Trans–American Communications, Inc. (Trans–American). They applied for and obtained group health insurance from Time Insurance Company (Time) through a group health insurance plan maintained as an employee welfare benefit plan by Trans–American. Mr. Lunn subsequently developed colon cancer and submitted a claim for medical expenses to Time (he has since died).

In the insurance application Mrs. Lunn represented that she was a cable splicer, but did not indicate that she was engaged as an independent contractor. She also stated that neither she nor her husband had previously had any indication, diagnosis or treatment for cancer. In fact, Mr. Lunn had suffered previously from cancer.

While processing the medical claims submitted by Mr. Lunn, the insurer determined that Mrs. Lunn was not a full-time employee of Trans–American and therefore was not eligible for insurance coverage under the plan. Time denied the claim and attempted to return the premiums paid and to rescind coverage.

The Lunns brought suit against Time, alleging breach of contract and seeking past benefits on the insurance policy and a

declaratory judgment reinstating future coverage. In a second count, they sought damages on a claim alleging bad faith and misrepresentation in Time's administration of the insurance contract and its denial of coverage.

Time moved for summary judgment, contending that the Lunns' claims based on state law were preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1144 (1988). In the Lunns' response to Time's motion, they intimated, for the first time, that they additionally were alleging negligence although they did not attempt to amend their complaint at this time. At no time did the Lunns allege a claim under ERISA.

The district court entered an order granting the summary judgment motion. In a motion to reconsider the judgment, Mrs. Lunn claimed that they had stated a cause of action in negligence, although the complaint indicates otherwise. At a hearing on the motion, appellants attempted to orally modify the complaint. The court, at that late date, declined to rule on the motion to amend and entered the summary judgment.

Mrs. Lunn contends that the claims are not preempted by ERISA, that they stated a cause of action in negligence that is not preempted, and that the court erred in finding that the complaint did not allege negligence. We hold that the court properly found the Lunns did not allege negligence and properly granted summary judgment based on federal preemption on the two claims before it, and we affirm.

■ ERISA, 29 U.S.C. Section 1144(a), provides that federal law "shall supersede any and all state laws insofar as they may now or hereafter *relate to any employee benefit plan* described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title." (Emphasis added.)[1] The United States Supreme Court has interpreted the scope of federal preemption and stated: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air*

*Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Congress intended that the preemption clause should be interpreted broadly in light of the comprehensive nature of ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). Of course, the scope of preemption, although broad, is not infinite, and certain claims based on state law that in some sense relate to an ERISA plan are not preempted. *See, e.g., Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) (no preemption where state law does not raise issues regarding concerns of ERISA—to insure administration of a plan governed by a single set of regulations and to guarantee administrative integrity); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir.1985) (claim for loss of benefits that would have accumulated but for improper negotiation of terms of employment not preempted); *McNamee v. Bethlehem Steel Corp.,* 692 F.Supp. 1477 (E.D.N.Y.1988) (breach of contract and fraud claims where employee sought damages, not benefits under plan, for alleged wrongful failure to bridge gap in employment with benefits and misrepresentation of coverage and intent to continue employment not preempted); *Local Union 212 Int'l Bhd. of Elec. Workers Vacation Trust Fund v. Local Union 212 Int'l Bhd. of Elec. Workers Credit Union,* 549 F.Supp. 1299 (S.D.Ohio 1982) (preemption requires some express or implied coverage by provision of ERISA), *aff'd,* 735 F.2d 1010 (6th Cir.1984); *Sappington v. Covington,* 108 N.M. 155, 768 P.2d 354 (Ct.App.) (compensatory damages for negligence of insurance agent in securing insurance not preempted), *cert. denied,* 108 N.M. 115, 767 P.2d 354, *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1021 (1989).

Mrs. Lunn argues that, because they were independent contractors and not employees, they were not and could not be participants in the plan, and therefore the claims do not "relate to" the plan and are not preempted. To hold otherwise, she contends, would run counter to congres-

---

**1.** It is uncontested that the plan at issue here is governed by ERISA.

sional intent (to protect plan participants) and leave her with no avenue for relief. In the context of the two claims stated in the complaint, no such jurisdictional paradox is created. Supreme Court interpretation of the federal preemption section establishes that the congressional intent was to create a comprehensive statute that broadly superseded state law and regulated pension plans "as exclusively a federal concern." *Pilot Life,* 481 U.S. at 46, 107 S.Ct. at 1552. It is plausible, as appellant argues, that she and her husband were not participants in the plan as defined by 29 U.S.C. Section 1002(7). *See, e.g., Darden v. Nationwide Mut. Ins. Co.,* 796 F.2d 701 (4th Cir.1986) (defining employee for purposes of participation as one who reasonably anticipated benefits and relied thereon); *Jackson v. Sears, Roebuck & Co.,* 648 F.2d 225 (5th Cir.1981) (plan did not cover timecard employees who were not and could not become eligible to be participants, and ERISA claim properly dismissed). If they were not, they would have no ERISA claim. Accordingly, Mrs. Lunn claims that, because neither she nor her husband were participants, their claims do not relate to the plan and are not preempted.

The errors in this theory are twofold. First, it is not clear that, at least under the definition of participant employed in *Darden,* appellants were not participants. Second, and more significant, are the claims pursued by the Lunns.

The Lunns alleged two causes of action against Time: breach of the insurance contract, and misrepresentation and bad faith in administration of the plan. Both claims relate directly to the plan. The breach of contract claim sought benefits under the plan, and the bad faith and misrepresentation claim related directly to its administration; both claims are preempted by federal law. ERISA was enacted "to protect contractually defined benefits." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985). It is irrelevant on these claims that the Lunns may not have been participants in the plan—the suit was for benefits under the plan and damages for alleged bad faith in its administration. *See Pilot Life,* 481 U.S. at 47–48, 107 S.Ct. at 1552–53; *Straub v. Western Union Tel. Co.,* 851 F.2d 1262 (10th Cir.1988) (breach of contract and misrepresentation claims preempted); *see also Sappington,* 108 N.M. at 159, 768 P.2d at 358 ("where plaintiff seeks to enforce a right relating to an employee benefit plan, Section 1144(a) constitutes a bar to the action because of the availability of a remedy under Section 1132(a)"). These are both claims properly brought under the enforcement provisions of ERISA, 29 U.S.C. Section 1132, yet appellant never submitted an ERISA claim. Any paradox whereby the Lunns are precluded from any forum where relief may be available is a creation of their own theories; they claim they were not and could not have been participants, yet allege causes of action based on the contract. Both counts are premised in the existence of a relationship, which, by their own theory could not exist. Accordingly, these claims are preempted.

■ The Lunns argue that the district court erred because they stated a claim in negligence, and that claim should not have been preempted. The court, however, properly found that the complaint did not state a claim in negligence, and it did not abuse its discretion by refusing to allow an oral motion to amend, two years after the initial complaint was filed and subsequent to its grant of the summary judgment motion.

Our reading of the complaint on its face indicates that no claim of negligence is raised, and it is apparent that the issue was not raised in the district court until late in the proceedings. Despite Mrs. Lunn's contention, the court did not find negligence suggested by the initial pleadings. Furthermore, allegations intimated in a response to a motion for summary judgment do not constitute an amendment to a complaint, and such a response does not constitute trial "by express or implied consent of the parties" to warrant treating the allegations "as if they had been raised in the pleadings." SCRA 1986, 1–015(B).

■ This issue is governed by SCRA 1986, 1–015(A), which allows amendment to pleadings within the discretion of the trial court. *See Constructors, Ltd. v. Garcia,* 86 N.M. 117, 520 P.2d 273 (1974). The trial court will not be reversed absent an abuse of discretion. *Id.* Although it is true that the rule grants wide latitude to the parties by allowing leave to amend to "be freely given when justice so requires," SCRA 1986, 1–015(A), we hold that in this case, within the context of the facts before the court and the significant period of time that had elapsed prior to the oral motion to amend, there was no abuse of discretion. *See Slide–a–Ride v. Citizens Bank of Las Cruces,* 105 N.M. 433, 733 P.2d 1316 (1987).

Our resolution of this issue does not require us to determine the validity of appellants' claim that a cause of action alleging negligent underwriting would not be preempted by ERISA, and we express no opinion regarding the breadth of federal preemption of a cause of action not related directly to the plan.

We, therefore, AFFIRM the judgment of the district court.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.