Elaine PAPADOPOULOS, Plaintiff,

v.

UNC ASSOCIATES INC. and Edward Dugger III, Defendants.

Civ. A. No. 90–13019–T.

United States District Court, D. Massachusetts.

April 2, 1991.

---

David Hayes Erickson, David Michael Lipton, Lipton & Pemstein, Boston, Mass., for plaintiff.

Karen K. Burns, Jin–Kyung Kim, Testa, Hurwitz & Thibeault, Boston, Mass., for defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiff brought this action for employment discrimination against defendants UNC Associates Inc. ("UNC") and its president, Edward Duggar III. Plaintiff, a Massachusetts resident, began working for UNC on July 2, 1984. UNC, a Massachusetts corporation, provides venture capital to minority-owned companies. On February 23, 1989, Duggar informed plaintiff, who was five months pregnant at the time, that he "had decided not to continue [her] employment at UNC Associates." Verification of Complaint and Affidavit of Elaine Papadopoulos at ¶ 3. UNC terminated plaintiff's employment on May 31, 1989.

On August 18, 1989, plaintiff filed a charge of sex, race, and color discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission ("EEOC"). On May 30, 1990, the EEOC issued a right to sue letter. On August 22, 1990, plaintiff brought this action in Massachusetts Superior Court.[1]

Plaintiff's second amended complaint, filed on December 11, 1990, contains eight counts: breach of contract (I); sex discrimination (II); race discrimination (III); color discrimination (IV); failure to restore female employee to her previous or a similar position following maternity leave (V); interference with contractual relations (VI); interference with advantageous relations (VII); and intentional infliction of emotional distress (VIII).[2] Plaintiff brought her discrimination claims pursuant to Mass. Gen.L. ch. 151B, § 1, and her maternity leave claim pursuant to Mass.Gen.L. ch. 149, § 105D.

On December 17, 1990, defendants filed a notice of removal, contending "that this case is removable in that it arises under a law of the United States, specifically the Employee Retirement Income Security Act of 1974...." Notice of Removal at ¶ 3. On January 15, 1991, plaintiff filed a motion to remand.

There is neither diversity nor federal question jurisdiction here. Defendants' effort to establish the latter misses the mark. The mere fact that plaintiff alleged in her opposition to defendants' motion to dismiss that her firing prevented her from being vested in the company's pension plan does not provide a basis for federal question jurisdiction.[3]

Under the well-pleaded complaint rule, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (emphasis omitted). Here, plaintiff's second amended complaint does not state a cause of action under ERISA or any other federal law. Defendants concede in their opposition to plaintiff's motion to remand that "[t]he case as stated in Plaintiff's pleadings was not removable...." Opposition at 8.[4]

Nevertheless, defendants argue that the statement contained in plaintiff's opposition to their motion to dismiss renders this case removable under the broad preemption clause of ERISA. *See* Opposition at 2. In doing so, defendants rely on 28 U.S.C. § 1446(b) for the proposition that plaintiff's statement in her opposition to their motion

---

**1.** *See Papadopoulos v. UNC Associates Inc.,* C.A. No. 90–5029.

**2.** Plaintiff names UNC as defendant in Counts I–V and Duggar as defendant in Counts II–VIII.

**3.** *See* Opposition at ¶ 1b ("By terminating Plaintiff Papadopoulos' employment with UNC, Defendant UNC prevented Plaintiff from being 100% vested in the company's pension plan.").

**4.** *See Schultz v. Nat'l Coalition of Hispanic Mental Health and Human Servs. Orgs.,* 678 F.Supp.

936 (D.D.C.1988). In *Schultz,* the court noted that "the only possible source of federal jurisdiction over this suit arises out of plaintiff's attempt to recover ERISA-covered benefits lost when she was allegedly fired in violation of state law." *Id.* at 937. In remanding the case to the District of Columbia Superior Court, the court concluded, "there is not one iota of support for the proposition that ERISA preempts any claim to recover the value of fringe benefits plaintiff lost when her employment was terminated." *Id.* at 938.

to dismiss renders this case removable. Section 1446(b) provides,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

Defendants essentially argue that plaintiff's opposition to their motion to dismiss constitutes an "other paper" within the meaning of § 1446(b), and that plaintiff's reference in her opposition to UNC's pension plan provides this court with federal question jurisdiction.

Nothing in the language of § 1446(b) suggests that Congress intended it to apply in this circumstance. Section 1446(b) is simply a procedural device that allows removal

> as a result of a plaintiff increasing his claim of recovery to an amount in excess of the jurisdictional minimum; by plaintiff's voluntary dismissal of a party or of parties defendant; by the voluntary amendment of his complaint to state for the first time a federal claim that warrants removal or in some other voluntary manner converting a nonremovable action into a removable suit....

1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.157[12] (1990). Plaintiff's allegation in her opposition to defendants' motion to dismiss that her firing prevented her from being 100% vested in the company's pension plans does not transform her once nonremovable complaint into a removable one. *See, e.g., Houston & Texas Cent. R.R. Co. v. Texas,* 177 U.S. 66, 78, 20 S.Ct. 545, 549, 44 L.Ed. 673 (1900) ("[T]he Federal character of the suit must appear in the plaintiff's own statement of his claim, and that where a defence has been interposed, the reply to which brings out matters of a Federal nature, those matters thus brought out by the plaintiff do not form a part of his cause of action, but are merely a reply to the defence set up by the defendant.").

An order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's motion to remand this case to state court is hereby ALLOWED.