This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK NATIONAL ASSOCIATION**
**as trustee for the CMLTI ASSET-BACKED**
**PASS-THROUGH CERTIFICATES,**
**SERIES 2007-AMC3,**

Plaintiff-Appellee,

v.                                                                          NO. 31,261

**DIANE GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Little & Dranttel, P.C.
Elizabeth Dranttel
Peggy Whitmore
Albuquerque, NM

for Appellee

Joseph David Camacho
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant, Diane Gallegos, appeals from the district court's order denying her motion to reconsider the order striking her amended answer and counterclaims. This Court initially issued a calendar notice proposing to reverse the district court order denying Defendant's motion for reconsideration to the extent it did not permit Defendant to correct her procedural error of not seeking leave to file her amended answer and counterclaim. Plaintiff, U.S. Bank, filed a memorandum in opposition to this Court's proposed calendar notice, calling into question this Court's reliance on what appeared to be a request by Defendant for leave to file an amended complaint at the hearing on the motion for summary judgment. This Court ordered Plaintiff to file a copy of the unofficial transcript of the summary judgment hearing held on March 19, 2010. Plaintiff complied, and after reviewing the transcript, this Court issued a second calendar notice proposing to affirm. Defendant has now filed a memorandum in opposition, articulating four issues on appeal. We note that Defendant's fourth issue was not raised in the docketing statement, and we treat Defendant's raising a new issue in her memorandum in opposition as a motion to amend the docketing statement. Having considered the arguments of counsel and the information before this Court, we deny Defendant's motion to amend, and we affirm.

**Leave to File an Amended Answer**

Defendant originally raised three issues in her docketing statement, which this Court considered, collectively, to challenge the district court's decision to strike Defendant's amended answer and the district court's refusal to grant Defendant leave to correct the procedural error in filing her amended answer. In her memorandum in opposition, Defendant articulates three separate issues:

(1)     Did the [d]istrict [c]ourt abuse its discretion by treating as fatal and irreversible the failure of Appellant to obtain permission before filing her First Amended Answer and Counterclaim, or to allow permission to be sought in the March [19], 2010, hearing?

(2)     Was it reversible error for the [d]istrict [c]ourt as an abuse of discretion to fail to grant reconsideration and to allow the submitted material, already in the record, to be considered in reaching its decision?

(3)     Was it reversible error for the [district c]ourt to immediately enter judgment upon striking the First Amended Answer and Counterclaim, without allowing Appellant any opportunity to be heard except by [r]econsideration?

[MIO 3]  More succinctly stated, Defendant's argument in her memorandum in opposition centers on whether the district court erred in not permitting Defendant leave to amend when she requested leave in her motion for reconsideration. As we pointed out in our notices of proposed disposition, where no leave had been requested, the district court's decision to grant Plaintiff's motion to strike was appropriate pursuant to Rule 1-015 NMRA. [CN 4; 2dCN 4]  With respect to the district court's denial of Defendant's motion for reconsideration seeking leave to amend, we relied

3

on *Lunn v. Times Insurance Co.*, 110 N.M. 73, 792 P.2d 405 (1990), in proposing to conclude that it was not an abuse of discretion for the district court to deny leave to amend where a party waits until after summary judgment has been granted. [2d CN 5-6] We pointed out that "Defendant could have filed a motion for leave to amend her answer and add counterclaims at any point after being made aware of the procedural defect by Plaintiff's motion to strike." [2d CN 6] We further noted that "[i]nstead, Defendant waited until the district court had issued a ruling on the motion to strike and motion for summary judgment close to six months after the hearing before seeking leave to amend the complaint, even though leave was clearly required by the rules." [2d CN 6]

Defendant contends that *Lunn* is "nowhere near the facts" of this case. [MIO 7] Instead, Defendant contends that *Lunn* involves a "more explicit denial of an oral request for amendment, followed by two (2) years of silence." [MIO 7] Defendant also contends that the delay in the present case was due to the district court's failure to promptly issue a decision and that the rules do not require "the filing of new motions before rulings on related pending motions are decided and received by counsel." [MIO 7] We remain unpersuaded.

This Court may only reverse the district court if we conclude that it abused its discretion in denying Defendant's motion for reconsideration and request for leave to

amend her answer. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (providing that an appellate court reviews the denial of a motion for reconsideration for an abuse of discretion); *Schmitz v. Smentowski*, 109 N.M. 386, 390, 785 P.2d 726, 730 (1990) (stating that motions to amend rest within the sound discretion of the trial court and will be reversed on appeal only for an abuse of discretion). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

To the extent Defendant attempts to distinguish our Supreme Court's decision in *Lunn*, her argument is unavailing. Although factual differences exist between the two cases, we understand *Lunn* to stand for the proposition that it is not an abuse of discretion for the district court to deny leave to amend a pleading where the party seeking to amend waits until the merits of the case have been decided. Although Defendant attempts to place the blame for the delay on the district court's failure to promptly issue a decision on Plaintiff's motion to strike, Defendant chose to wait for an order on the motion to strike and rely on her argument that leave to amend was not required, rather than remedying the procedural defect by seeking leave to amend. While Defendant is correct that she is not required to file a new motion before a ruling on the pending motion is entered, we cannot say that it was an abuse of discretion for

the district court to deny her motion for reconsideration where Defendant chose to do nothing to remedy her procedural defect, while she waited for the district court's ruling, and when she knew a motion for summary judgment was also pending. We therefore conclude that the district court did not err in denying Defendant's request to correct the procedural defect six months after Plaintiff's motion to strike was filed and after a letter decision on the merits had been issued. *See Macias v. Jaramillo*, 2000-NMCA-086, ¶ 23, 129 N.M. 578, 11 P.3d 153 (stating that the district court may consider "factors such as whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment" (internal quotation marks and citation omitted)).

**Motion to Amend the Docketing Statement**

This Court construes Defendant's inclusion of an issue in her memorandum in opposition that was not raised in her docketing statement as a motion to amend her docketing statement. Defendant seeks to raise the following issue: Was it an abuse of discretion for summary judgment to be granted before any discovery was conducted? [MIO 3, 15-17] The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly

6

preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superseded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Defendant contends that this issue was preserved below [MIO 3; *see* RP 78]; therefore, we determine whether the issue is viable.

Defendant asserts that "[t]he practice of granting summary judgment before discovery has been done is disfavored." [MIO 16] In opposing Plaintiff's motion for summary judgment below, Defendant asserted that "discovery could enable [her] the opportunity of raising genuine issues of fact" [RP 80]; "discovery by both parties must be allowed before a motion for summary judgment is decided" [RP 81]; "[s]ufficient discovery needs to be conducted by both Plaintiff and Defendant . . . prior to [the district court] deciding on the merits of a motion for summary judgment" [RP 82]; and, "Defendant . . . has had insufficient opportunity to prepare a proper response and/or affidavits in opposition to Plaintiff's Motion" [Id.].

"Rule 1-056(F) allows a party faced with a motion for summary judgment to ask the district court to stay its determination so that the non-movant can conduct discovery needed to rebut the motion." *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 38, 140 N.M. 111, 140 P.3d 532; *see also* Rule 1-056(F) NMRA.

However, this Court has previously held that, under Rule 1-056(F), "a party must submit an affidavit explaining why additional time and discovery are needed." *Butler*, 2006-NMCA-084, ¶ 38. Conclusory statements about the need for discovery are insufficient. *Id.* Instead, the party seeking time for discovery pursuant to Rule 1-056(F) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Butler*, 2006-NMCA-084, ¶ 38 (internal quotation marks and citation omitted).

Defendant did no more than make vague assertions that additional time for discovery was needed. [RP 80-82] Defendant filed no affidavit. Furthermore, although Defendant asserted that she needed time to develop her defenses, such "vague assertions that additional discovery would produce needed, but unspecified facts" is insufficient. *See id.* ¶ 39 (alteration, internal quotation marks, and citation omitted). As a result, we conclude that Defendant's contention that the district court abused its discretion by granting summary judgment without providing additional time for discovery is not viable. Accordingly, we deny Defendant's motion to amend the docketing statement.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**