This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LYNDA R. BRASHAR,**

Plaintiff-Appellant,

v.                                                                                                    **NO. 32,214**

**BOARD OF REGENTS OF THE UNIVERSITY**
**OF CALIFORNIA, d/b/a LOS ALAMOS NATIONAL**
**LABORATORIES; LOS ALAMOS NATIONAL**
**SECURITY LLC, d/b/a LOS ALAMOS NATIONAL**
**LABORATORIES; DR. HUGH SMITH; SYLVIA**
**HERRERA; ALEXANDER GANCARZ; JOSE**
**OLIVARES; STEVEN DOORN; and additional**
**Unnamed Individual Co-conspirators,**

Defendant-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Lynda R. Brashar
Ohkay Owingeh, NM

Pro se Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.

W. Mark Mowery

Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Plaintiff, appearing pro se, appeals the district court's decisions to grant summary judgment on her intentional infliction of emotional distress (IIED) claim and dismiss her remaining claims. We proposed to affirm in a calendar notice. Plaintiff has responded to our calendar notice with a memorandum in opposition. We have considered Plaintiff's arguments, but we are not persuaded by them. We affirm.

In our calendar notice, we discussed Plaintiff's claims regarding the decision to set aside the entry of default, the denial of her motion for partial reconsideration of the dismissal order, the denial of her motion to amend her complaint, and the grant of summary judgment on her claim of IIED. In her response, Plaintiff restates many of the arguments made in her docketing statement. In addition, Plaintiff states that she is incorporating a motion to amend the docketing statement to "conform" her response by "Modifying the Framing and wording" of the issues that were included in the docketing statement. Plaintiff states that the modification "would not change the number and essence of main issues."

A party may file a motion to amend a docketing statement to add a new issue

or new issues, subject to the discretion of this Court, if the issue or issues were properly preserved below or if the issue or issues can be raised for the first time on appeal. *State v. Rael*, 100 N.M. 193, 195, 668 P.2d 309, 311 (Ct. App. 1983). Based on her memorandum in opposition, Plaintiff seeks to modify the framing and wording of the issues that were included in the docketing statement. For example, Plaintiff seeks to provide a more clear explanation of her arguments regarding the denial of her motion for partial reconsideration of the dismissal order and asks that she be allowed to submit full briefing in order to clear up misapprehensions regarding the "main appealable point." [MIO 22-23] Plaintiff is seeking to clarify her issues and is not asking to add new issues. Therefore, to the extent that Plaintiff's motion to amend is intended to allow her to clarify issues that were included in the docketing statement, her motion cannot be categorized as a motion to amend the docketing statement.

Plaintiff brings up an issue that was not included in the docketing statement. Plaintiff argues that two peremptory excusals were filed by attorneys for Defendants, but the excusals named only two Defendants. [RP 233; 236] Plaintiff claims that the excusals could not be considered entries of appearance for every Defendant. [MIO 13] Defendant does not state how this issue was raised in the district court, and there is nothing in her response to the motion to set aside default to indicate that she alerted the district court to her claim. *See* Rule 12-208(D)(4) NMRA (requiring appellant to

3

provide this Court with a statement of the issues presented by the appeal, including a statement of how they arose and how they were preserved in the trial court); *see also Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Because the issue was not properly preserved for appeal, we will not address the issue. To the extent that the motion to amend the docketing statement was intended to include this issue, we deny the motion.

Entry of Default: Plaintiff continues to claim that it was error to set aside the default entered by the clerk of the district court. Plaintiff claims that the motion to dismiss filed by Defendants in federal court in response to her complaint could not have been considered a responsive pleading once the case was remanded to the state court. Plaintiff argues that, because the federal court had no jurisdiction over the case, nothing that occurred in the federal court would affect the proceedings in the state court. [MIO 7] As pointed out by Defendants, the remand order from the federal judge did not address the merits of Defendants' motion to dismiss. [RP 228] The federal judge found that there was not complete preemption of Plaintiff's claims, and Plaintiff's state court claim did not present a federal question "such that the federal court could exercise jurisdiction upon removal." [RP 272] In other words, the

4

federal court merely determined that the absence of a federal question meant that the federal court had no jurisdiction to decide the state claims. In addition, although the 1921 case relied on by Plaintiff may support her claim that a determination of no jurisdiction by a federal court will not affect state court proceedings, the case does not state that pleadings filed in the federal court simply become a nullity when a case is remanded to the state court. The district court could consider the motion to dismiss that was filed at the federal court level to still be in effect when the case was remanded for consideration of state law claims. Furthermore, even if we accepted Plaintiff's argument that remand nullified all pleadings filed in the federal court, default judgments are disfavored and, the district court, having determined that it was clear from the record that Defendants had every intention of defending the case, did not abuse its discretion by allowing the clerks' entry of default to be set aside. *See Sunwest Bank v. Roderiguez*, 108 N.M. 211, 213, 770 P.2d 533, 535 (1989).

Motion for Partial Reconsideration of Order: Below, Plaintiff objected to the wording of the dismissal order, and the order was corrected. [DS 10-11] Over one month after the corrected order was entered, Plaintiff filed a motion for partial reconsideration of the order, which was denied. [RP 438] On appeal, Plaintiff argued that Section 1(c) of the district court's order was "clear error as a matter of law." [DS 10] Under that general heading, Plaintiff argued that it was error to accept

Defendant's proposed wording for the order and it was error to include Section 1(c) when there were oral comments made by the district court that contradicted the included language. Plaintiff also argued that it was error to rule that the EEOICPA "does bar recovery for acts 'related to' the handling of a state Worker's Comp. claim." [DS 11-12] Although we noted that abuse of discretion is the standard applied to motions for reconsideration, we actually conducted a de novo review of the wording of the dismissal order under Section 1(c). Plaintiff complained that the wording of the order was contrary to the explicit exemption for workers' compensation law from the exclusivity provisions of the EEOICPA. [RP 440] However, the order does not state that a workers' compensation claim is barred by the exclusivity provisions of the EEOICPA. The order states that claims barred by the exclusivity provisions of the EEOICPA include claims for physical injury or emotional distress resulting from exposure and claims for physical injury or emotional distress resulting from medical treatment or delay in medical treatment resulting from the exposure. [RP 395-96] Under Section 1(c), the section that was the basis for Plaintiff's motion for partial reconsideration, the district court found that claims for physical injury or emotional distress resulting from "*investigation, processing, or other handling of any claim for workers' compensation benefits*" related to the exposure are barred under the EEOICPA. [RP 396] In other words, the district court found that personal injury

6

claims involving physical injury or emotional distress are barred if the injury resulted from the investigation, the processing, or the handling of a workers' compensation claim. As explained in the calendar notice, the district court correctly determined that the claims involving personal injury, not claims involving workers' compensation, were barred under the EEOICPA. Section 1(c) does not state that any workers' compensation claim filed by Plaintiff is barred. To the extent that Plaintiff relies on oral comments by the district judge to support her arguments, we point out that oral statements by a judge do not constitute a decision and cannot be the basis for a claim of error. *See Balboa Constr. Co. v. Golden*, 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct. App. 1981). We note also that the district court found that it was not appropriate to revisit issues that were already addressed or that could have been presented prior to the order, and that Plaintiff did not satisfy the factors necessary for a motion for reconsideration. [RP 513] We hold that the district court did not err in denying Plaintiff's motion for partial reconsideration.

Motion to Amend Complaint: Plaintiff continues to argue that it was error to deny her request to further amend her complaint. In her motion, Plaintiff stated that the proposed amendment consisted "of one counter-defense" [equitable estoppel], that was designed to address "an anticipated defensive pleading by Defendants to bar at least some aspects of [Plaintiff's] Complaint" based on exclusivity of remedies under

7

the WCA. [RP 428] Defendants argued that the "counter-defense argument" was not contemplated by the rules of procedure, and the attempted amendment would be futile because the claim is barred based on the district court's dismissal order. [RP 452] The district court found that "it is not proper to plead an affirmative counter defense within a complaint," that only Defendants were allowed to assert an affirmative defense. [RP 516] The district court found that, if Plaintiff was attempting to add a new claim for relief, the allegations of her counter defense were "factually similar" to those claims barred by the dismissal order and, therefore, the request to add the new claim would be futile. [Id.]

In response to our calendar notice, Plaintiff repeats arguments that we previously addressed. In addition, Plaintiff provides her interpretation of the procedural rules and whether the rules prohibit the pleading of an "affirmative counter defense." Plaintiff agrees that it is appropriate to refer to equitable estoppel as an affirmative counter defense, but claims that the rules of civil procedure do not specifically define the types of pleadings that are allowed, do not specify which affirmative defenses must be pled in a response to a preceding pleading, or do not refer to the word "affirmative" at all. [MIO 31-33] Plaintiff also criticizes, line by line, the district court's order denying her further motion to amend her complaint. [MIO 35-36]

8

A request to amend a complaint is reviewed for abuse of discretion. *Lunn v. Time Ins. Co.*, 110 N.M. 73, 76, 792 P.2d 405, 408 (1990). As previously discussed, the district court did not abuse its discretion in determining that Plaintiff was attempting to add an "affirmative counter-defense" although no related counter-argument had been made by Defendants. Moreover, even if we agreed with Plaintiff's argument that the motion to amend was not prohibited based on the procedural rules, the motion was deficient based on the merits as found by the district court when it determined that the issue sought to be added was barred under the exclusivity provisions of the EEOICPA, as explained in the district court's dismissal order.

Summary Judgment: Plaintiff again argues that it was error to enter summary judgment with respect to her IIED claim. As explained in our calendar notice, summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists. *See Cates v. Regents of the N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65. In support of her IIED claim, Plaintiff would have had to demonstrate that: (1) Defendants' conduct was extreme and outrageous; (2) Defendants' conduct was intentional or in reckless disregard of Plaintiff; (3) Plaintiff's mental distress was extreme and severe; and (4) a causal connection exists between Defendants' conduct and Plaintiff's mental distress. *Trujillo v. N. Rio Arriba Elec. Coop.*, 2002-NMSC-004, ¶ 25, 131 N.M. 607,

9

41 P.3d 333.

Plaintiff continues to claim that the district court did not consider her specific relationship with Defendants and argues that, if the "nature of the relationship" is considered, the facts would show Defendants' "willful disregard" for Plaintiff's health and well being and the concealment of knowledge material to Plaintiff's well-being. [MIO 43] According to Plaintiff, this Court must integrate into our summary judgment analysis the preexisting relationship between Plaintiff and Defendants when determining whether Defendants' conduct was extreme and outrageous. This is the same argument made in the docketing statement and addressed in our calendar notice. As indicated by the district court, Plaintiff did not meet her burden of presenting evidence sufficient to establish that Defendants' alleged conduct met the requirements for a claim of IIED. [RP 894] Therefore, we affirm the grant of summary judgment.

For these reasons and those discussed in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

10

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**